**CHUAN–GUO XIAO, Plaintiff–Appellant,**

v.

**CONTINUUM HEALTH PARTNERS, INC. and The Long Island College Hospital, as a subsidiary of Continuum Health Partners, Inc., Defendants–Appellees.**

No. 02–7917.

United States Court of Appeals, Second Circuit.

Nov. 13, 2003.

Chuan–Guo Xiao, Brooklyn, NY, for Appellant, pro se.

Rory J. McEvoy (Sandra J. Libeson, on the brief), Kirkpatrick & Lockhart LLP, New York, NY, for Appellees.

PRESENT: LEVAL, CABRANES, Circuit Judges and GARAUFIS,* District Judge.

### SUMMARY ORDER

Plaintiff Chuan–Guo Xiao ("plaintiff") appeals from an entry of summary judgment for defendants Continuum Health Partners ("Continuum") and The Long Island College Hospital ("LICH") (collectively, "defendants") on July 22, 2002, by the United States District Court for the Southern District of New York. Plaintiff alleged that LICH discriminated against him on the basis of his Chinese national origin by terminating his employment as a research director; by forcing him to work in a laboratory that was used for the storage of paint, tiles, and windows; by refusing to relocate him from a building that was closed by LICH; by not providing him with a contract; and by not paying him for work he performed in China, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Plaintiff also asserted claims of breach of contract and tortious interference with property and contract rights. The District Court granted defendants' motion for summary

---

* The Honorable Nicholas G. Garaufis, of the United States District Court for the Eastern District of New York, sitting by designation.

judgment on plaintiff's Title VII claim, finding that plaintiff failed to establish a *prima facie* case of discrimination, and declined to exercise supplemental jurisdiction over plaintiff's state law claims. *See Xiao v. Continuum Health Partners,* 01 Civ. 8556, 2002 WL 1586954, at *3 (S.D.N.Y. July 17, 2002). We affirm.

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). We review the District Court's grant of summary judgment *de novo. Young v. County of Fulton,* 160 F.3d 899, 902 (2d Cir.1998).

We hold that, regardless of whether plaintiff has made a *prima facie* case of discrimination, plaintiff has not met his ultimate burden of raising a genuine issue of material fact as to whether he was the victim of discrimination. Defendants have offered a legitimate, nondiscriminatory rationale for terminating plaintiff–their inability to deal with his increasing and non-negotiable employment demands–which plaintiff has not offered ample evidence to rebut.

Furthermore, we decline to supplement the record on appeal with the new evidence offered by plaintiff.

\* \* \* \* \* \*

We have considered all of plaintiff's arguments and have found each of them to be without merit. Accordingly, the judgment of the District Court is hereby AFFIRMED.